E-FILED
Tuesday, 24 April, 2012  06:17:47 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOAN E. MULVANIA, KELLY LEA ACUAHUTTL, CARISSA BAILEY, HOPE LEANNE GOLDSBERRY, KOMANIQUE SHURON JOHNSON, RENEE LYNN LUCAS, DANIELLE DENISE McDORE, DEVIN LOVELADY-MORRISON, BOBBIE OJEDA-FREEMAN, JENNIFER JILL SHELBY, AND TONYA LUCILLE WOODS, individually and for others similarly situated,   ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:10-cv-04080 |
| ) | *(Judge Sara L. Darrow)* |
| *Plaintiffs,*   ) | |
| ) | |
| *-vs-*   ) | |
| ) | |
| SHERIFF OF ROCK ISLAND COUNTY, et al.,   ) ) | |
| ) | |
| *Defendants.*   ) | |

## THIRD AMENDED COMPLAINT

Pursuant to leave of Court, plaintiff files this third amended complaint and, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1343 and §1367.

2. Plaintiffs are Joan E. Mulvania, Kelly Lea Acuahuttl, Carissa Baily, Hope Leanne Goldsberry, Komanique Shuron Johnson, Renee Lynn

Lucas, Danielle Denise McDore, Devin Lovelady-Morrison, Bobbie Ojeda-Freeman, Jennifer Jill Shelby, and Tonya Lucille Woods.

3.   Plaintiffs brings this action individually and for all women who, from November 15, 2008 to the date of entry of judgment, were in the custody of the Sheriff of Rock Island and were required to remove their underwear and wear a jumpsuit without underwear.

4.   Defendant Sheriff of Rock Island County is sued in his official capacity.

5.   Defendant Rock Island County is joined in this action in accordance with *Carver v. Sheriff of LaSalle County*, 324 F. 3d 947 (7th Cir. 2003).

6.   Defendants James Bailey, Michelle Haun, Jo Livengood, Justin Gerald Martin, Todd Nessler, and Christopher Young were at all times relevant acting under color of their authority as Correctional Officers (Bailey, Haun, Livengood, Martin, and Young) or as a Correctional Sergeant (Nessler) of the Sheriff of Rock Island, County.

### Joan E. Mulvania

7.   At or about 3:40 a.m. on November 7, 2010, plaintiff Mulvania was arrested at her home without a warrant by a police officer of the City of Rock Island for an alleged domestic battery. Plaintiff does not raise any claim about the legality of this arrest.

-2-

8.    Following her arrest, plaintiff Mulvania was transported directly to the Rock Island County Jail, which serves as the centralized booking facility for all municipalities in Rock Island County: all persons arrested by police departments in Rock Island County who are not released by the arresting department are detained at the Rock Island County Jail awaiting the awaiting a judicial determination of probable cause.

9.    Upon her arrival at the Jail, plaintiff Mulvania was required to exchange her outer clothing for an orange jumpsuit. This clothing exchange was required by an official policy of the Sheriff of Rock Island County which mandates that all persons temporarily detained at the jail exchange their outer clothing for a jumpsuit.

10.   At all times relevant, the Sheriff of Rock Island County has prohibited any person temporarily detained at the jail from wearing non-white underwear.  The Sheriff's policy is that any detainee who arrives at the Jail wearing underwear that it not of a solid white color must remove that item of clothing.

11.   Plaintiff Mulvania, who was wearing an undergarment that was not of a solid white color, declined to remove her clothing as required by the above described policies. Defendants Young, Martin, Bailey, Haun, and Livengood, while being supervised by defendant Nesseler, implemented

the above described policies by using excessive and unreasonable force: defendant Nesseler or defendant Haun tore plaintiff's skin while removing a piece of jewelry from plaintiff's eye area and defendants Young, Martin, Bailey, Livengood, and Haun forcibly removed plaintiff's clothing to reveal her naked body.

12.  One of the male officers inserted two fingers into plaintiff Mulvania's vagina while she was unclothed. This sexual assault was motivated by the officer's perception of plaintiff's sexual orientation.

13.  Following this sexual assault, plaintiff Mulvania, who had previously suffered a serious head injury while in the military, began to have a seizure.

14.  Plaintiff Mulvania was taken by ambulance to a hospital at about 4:45 a.m. on November 7, 2010.

15.  Plaintiff Mulvania returned to the jail at about 6:30 a.m. on November 7, 2010.

16.  Plaintiff Mulvania appeared before a judge at about 1:00 p.m. on Monday, November 8, 2010. The judge informed plaintiff that she was not going to be prosecuted for any offense.

17.  Following her court appearance, employees of the Sheriff returned plaintiff Mulvania to the jail where she was held in custody until

-4-

about 6:00 p.m. on November 8, 2010. This continued detention was caused by a policy of defendant Sheriff and was unreasonable.

### Kelly Lea Acuahuttl

18.  Kelly Lea Acuahuttl was arrested by a Rock Island police officer on October 24, 2010.

19. Following her arrest, plaintiff Acuahuttl was transported directly to the Rock Island County Jail,

20. Upon her arrival at the Jail, plaintiff Acuahuttl was required to exchange her outer clothing for an orange jumpsuit.

21. Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Acuahuttl that she must remove her underwear unless it was all white.

22. Plaintiff Acuahuttl complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

### Carissa Bailey

23. Carissa Bailey was arrested by a Rock Island police officer on November 6, 2010.

24. Following her arrest, plaintiff Bailey was transported directly to the Rock Island County Jail,

25. Upon her arrival at the Jail, plaintiff Bailey was required to exchange her outer clothing for an orange jumpsuit.

26.  Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Bailey that she must remove her underwear unless it was all white.

27.  Plaintiff Bailey complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

### Hope Leanne Goldsberry

28.  Hope Leanne Goldsberry was arrested by a Rock Island police officer on March 7, 2011.

29.  Following her arrest, plaintiff Goldsberry was transported directly to the Rock Island County Jail,

30.  Upon her arrival at the Jail, plaintiff Goldsberry was required to exchange her outer clothing for an orange jumpsuit.

31.  Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Goldsberry that she must remove her underwear unless it was all white.

32.  Plaintiff Goldsberry complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

### Komanique Shuran Johnson

33.  Komanique Shuran Johnson was arrested by a Rock Island police officer on February 4, 2011.

34. Following her arrest, plaintiff Johnson was transported directly to the Rock Island County Jail,

35. Upon her arrival at the Jail, plaintiff Johnson was required to exchange her outer clothing for an orange jumpsuit.

36. Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Johnson that she must remove her underwear unless it was all white.

37. Plaintiff Johnson complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

### Renee Lynn Lucas

38. Renee Lynn Lucas was arrested by a Rock Island police officer on December 23, 2010.

39. Following her arrest, plaintiff Lucas was transported directly to the Rock Island County Jail,

40. Upon her arrival at the Jail, plaintiff Lucas was required to exchange her outer clothing for an orange jumpsuit.

41. Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Lucas that she must remove her underwear unless it was all white.

42. Plaintiff Lucas complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

**Danielle Denise McDore**

43. Danielle Denise McDore was arrested by a Rock Island police officer on March 10, 2011.

44. Following her arrest, plaintiff McDore was transported directly to the Rock Island County Jail,

45. Upon her arrival at the Jail, plaintiff McDore was required to exchange her outer clothing for an orange jumpsuit.

46. Before changing into the jumpsuit, a Deputy Sheriff told plaintiff McDore that she must remove her underwear unless it was all white.

47. Plaintiff McDore complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

**Devin Lovelady Morrison**

48. Devin Lovelady Morrison was arrested by a Rock Island police officer on March 5, 2011.

49. Following her arrest, plaintiff Morrison was transported directly to the Rock Island County Jail,

50. Upon her arrival at the Jail, plaintiff Morrison was required to exchange her outer clothing for an orange jumpsuit.

51. Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Morrison that she must remove her underwear unless it was all white.

52. Plaintiff Morrison complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

### Bobbie Joan Ojeda-Freeman

53. Bobbie Joan Ojeda-Freeman was arrested by a Rock Island police officer on December 5, 2010.

54. Following her arrest, plaintiff Ojeda-Freeman was transported directly to the Rock Island County Jail,

55. Upon her arrival at the Jail, plaintiff Ojeda-Freeman was required to exchange her outer clothing for an orange jumpsuit.

56. Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Ojeda-Freeman that she must remove her underwear unless it was all white.

57. Plaintiff Ojeda-Freeman complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

### Jennifer Jill Shelby

58. Jennifer Jill Shelby was arrested by a Rock Island police officer on October 4, 2010.

59. Following her arrest, plaintiff Shelby was transported directly to the Rock Island County Jail,

60. Upon her arrival at the Jail, plaintiff Shelby was required to exchange her outer clothing for an orange jumpsuit.

61. Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Shelby that she must remove her underwear unless it was all white.

62. Plaintiff Shelby complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

### Tonya Lucille Woods

63. Tonya Lucille Woods was arrested by a Rock Island police officer on February 6, 2011.

64. Following her arrest, plaintiff Woods was transported directly to the Rock Island County Jail,

65. Upon her arrival at the Jail, plaintiff Woods was required to exchange her outer clothing for an orange jumpsuit.

66. Before changing into the jumpsuit, a Deputy Sheriff told plaintiff Woods that she must remove her underwear unless it was all white.

67. Plaintiff Woods complied with this directive, removed her colored underwear, and remained at the Jail in a jumpsuit without underwear.

68. **Claim I:** Plaintiffs Joan E. Mulvania, Kelly Lea Acuahuttl, Carissa Baily, Hope Leanne Goldsberry, Komanique Shuron Johnson,

Renee Lynn Lucas, Danielle Denise McDore, Devin Lovelady-Morrison, Bobbie Ojeda-Freeman, Jennifer Jill Shelby, and Tonya Lucille Woods were deprived of rights secured by the Fourth Amendment to the Constitution of the United States when, while in the custody of the Sheriff of Rock Island County, each plaintiff was required to remove her underwear and wear a jumpsuit without underwear. Plaintiff bring this claim individually and for all women who, from November 15, 2008 to the date of entry of judgment, were in the custody of the custody of the Sheriff of Rock Island County Jail and were required to remove their underwear and wear a jumpsuit without underwear.

69. **Claim II:** Plaintiff Mulvania was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States when, pursuant to the Sheriff's policies described in paragraph 9 above, she was subjected to a visual inspection of her genitals, buttocks, anus, and unclothed breasts in advance of a judicial determination of probable cause to detain.

70. **Claim III:** Plaintiff Mulvania was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States when she was subjected to unreasonable and excessive force by one

or more of defendants Young, Martin, Bailey, Haun, Nesseler, and Livengood, as described in paragraph 11 above.

71.   **Claim IV:** Plaintiff Mulvania was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States when, pursuant to the Sheriff's policy described in paragraph 17, she was held in custody for an unreasonable amount of time after the judge informed plaintiff that she was not going to be prosecuted for any offense

72.   **Claim V:** Plaintiff Mulvania was subjected to a hate crime under 720 ILCS 5/12-7.1 when she was subjected to a sexual battery on account of her perceived sexual orientation as described in paragraph 12 above. Plaintiff brings this claim under the Court's supplemental jurisdiction against the Sheriff pursuant to the doctrine of respondeat superior.

73.   **Claim VI:** Plaintiff Mulvania was denied rights secured by 725 ILCS 5/103-1 when she was strip searched within 725 ILCS 5/103-1(c) without a reasonable belief that she was concealing a weapon or controlled substance.   Plaintiff Mulvania brings this claim solely under Illinois law and does not contend that a violation of 725 ILCS 5/103-1(c) is actionable under 42 U.S.C. §1983.

74.   Plaintiffs hereby demands trial by jury on all claims.

Wherefore plaintiffs requests that damages be awarded against defendant Sheriff of Rock Island County in favor of each plaintiff and the plaintiff class in a total amount in excess of one million dollars, and that damages in excess of one hundred thousand dollars be awarded in favor of plaintiff Mulvania and against each of defendants Bailey, Haun, Livengood, Martin, Young, and Nessler, and that the Court grant whatsoever other relief as may be required.

/s/  <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200

Glenn F. Ruud
Ruud Scovil & Marsh
2009 9th Avenue
Rock Island, IL 61201-2663
*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of April, 2012 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Heidi J. Weller, ASA, Civil Division, 2nd Floor, 1504 3rd Ave, Rock Island, IL 61201 and Jeffrey D. Martens, BOZEMAN, NEIGHBOUR, PATTON & NOE, LLP 1630 Fifth Avenue, Moline, IL 61266-0659 and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

/s/ <u>Kenneth N. Flaxman</u>
Kenneth N. Flaxman
ARDC 830399
200 S Michigan Ave, Ste 1240
Chicago, Illinois 60604
(312) 427-3200
*attorney for plaintiff*