UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOAN E. MULVANIA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:10-cv-4080-SLD-JAG |
| ) | |
| SHERIFF OF ROCK ISLAND COUNTY, et al., ) ) | |
| ) | |
| Defendants. | |

ORDER

Now before the Court is Defendant Sheriff of Rock Island County's motion to dismiss, ECF No. 68. The Sheriff moves to dismiss Count VI. Count VI alleges that Plaintiff Mulvania was subjected to a strip search that violated 725 ILCS 5/103-1(c) and that the Sheriff is vicariously liable. The Court construes the Sheriff's motion as making two alternative arguments in support of dismissing Count VI: (1) the Court should decline to exercise supplemental jurisdiction over Count VI because whether a private right of action exists under this state statute is a novel issue, best decided by a state court, or (2) the Court should find that 725 ILCS 5/103-1 does not provide for a private right of action. The Court declines to exercise supplemental jurisdiction over Count VI. The Sheriff's motion is therefore GRANTED.

DISCUSSION

The Sheriff moves to dismiss Count VI in Plaintiffs' Third Amended Complaint, ECF No. 40. Count VI states: "Plaintiff Mulvania was denied rights secured by 725 ILCS 5/103-1 when she was strip searched within 725 ILCS 5/103-1(c) without a reasonable belief that she was concealing a weapon or controlled substance. Plaintiff Mulvania brings this claim solely under

1

Illinois law and does not contend that a violation of 725 ILCD 5/103-1(c) is actionable under 42 U.S.C. § 1983." Third Amended Complaint at ¶ 73, ECF No. 40.

As Mulvania made clear, Count VI is brought solely under Illinois state law. *Id.* And Mulvania relies solely on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) as the basis for the Court's subject matter jurisdiction over Count VI. *See id.* at ¶ 1. But under 28 U.S.C. § 1367(c)(1), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if the claim raises a novel or complex issue of State law."

Mulvania seeks to hold the Sheriff civilly liable for the alleged violation of her rights pursuant to Section 103-1 of the Illinois Code of Criminal Procedure of 1963. Section 103-1(c) forbids officers from strip searching persons arrested for minor offenses in most circumstances: "[n]o person arrested for a traffic, regulatory or misdemeanor offense, except in cases involving weapons or a controlled substance, shall be strip searched unless there is reasonable belief that the individual is concealing a weapon or controlled substance." Under Section 103-1(h), an officer who knowingly or intentionally violates that rule is guilty of official misconduct. Both parties agree that Section 103-1 does not explicitly provide for a private right of action. Instead, Mulvania argues that the Court should hold that Section 103-1 implies a private right of action.

Two district courts have recognized that Section 103-1 might imply a private right of action, but both declined to decide the issue. In *Ohata*, the Court declined to exercise supplemental jurisdiction over the cause of action stemming from Section 103-1 because it found that whether a private right of action exists "requires consideration of a novel and somewhat complex issue of state law." *Ohata v. Village of Morton Grove*, No. 92-cv-8480, 1994 WL 329940, at *3 (N.D. Ill. July 6, 1994). Another district court three years later, citing *Ohata*, also declined to exercise supplemental jurisdiction over a claim that the defendant violated Section

103-1. *Wade v. Montgomery*, 96-cv-6780, 1997 WL 112835, at *3 (N.D. Ill. March 5, 1997). The parties have not identified any case since 1997 addressing the issue. In fact, Mulvania concedes that Illinois courts have never addressed whether Section 103-1 implies a private right of action.

While neither district court opinion is precedential, see *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453, 457-58 (7th Cir. 2005), the Court finds them persuasive. "Implication of a private right of action from a state statute is appropriate only if: (1) plaintiff is a member of the class for whose benefit the Act was enacted; (2) it is consistent with the underlying purpose of the Act; (3) plaintiff's injury is one the Act was designed to prevent; and (4) it is necessary to provide an adequate remedy for violations of the Act." *Ohata*, 1994 WL 329940, at *3 (quoting *Corgan v. Muehling*, 574 N.E.2d 602, 609 (Ill. 1991)). As can be gleaned from the four-factor test, analyzing this issue will involve deciding why the Illinois legislators enacted the statute, who they intended to protect, and what they intended to protect them from.[1] Analyzing the purpose and intent behind a state statute to determine whether to imply a private right of action seems best addressed by a state court on first impression. *See Sparks v. City of Peoria*, No. 09-cv-1159, 2009 U.S. Dist. LEXIS 105311, at *4-5 (C.D. Ill. Nov. 10, 2009) (declining to exercise supplemental jurisdiction because whether the Illinois Economic Barriers Act or the Illinois Accessibility Code implied a private right of action had not been addressed by the state courts); *Frudden v. Pilling*, 842 F. Supp. 2d 1265, 1278-80 (D. Nev. Jan. 31, 2012) (declining to exercise supplemental jurisdiction because whether the Nevada statute at issue provided for a private right

---

[1] Because these are the relevant inquires, cases that Mulvania cites that address the Illinois Domestic Violence Act shed little or no light on the question here. The Illinois courts in those cases found that the legislative intent in enacting the Illinois Domestic Violence Act supports a private right of action in certain circumstances. But neither the Illinois Domestic Violence Act nor the reasons that it was enacted are at issue here.

3

of action presented a novel issue of state law); *Robinson v. Baca*, No. 3:08-cv-00389, 2010 U.S. Dist. LEXIS 96721, at *14 (D. Nev. Aug. 25, 2010) (declining to exercise supplemental jurisdiction over plaintiff's state-law claims in part because "the question of whether the cited criminal statutes convey a private right of action should be determined by a state court"); *Peterson v. Dean*, No. 3:09-cv-628, 2009 U.S. Dist. LEXIS 99015, at *9-10 (M.D. Tenn. Oct. 23, 2009) (declining to exercise supplemental jurisdiction over alleged violation of the Tennessee Constitution because "whether the Tennessee Constitution allows for a private right of action … remains an unsettled issue of state law"); *Creighton v. City of Livingston*, 628 F. Supp. 2d 1199, 1218-19 (E.D. Cal. 2009) (declining to exercise supplemental jurisdiction because the state courts had not yet addressed whether the California Constitution provided a private right of action for money damages); *Brosnan v. Deutsche Bank Nat'l Trust Co.*, No. 08-4049, 2009 U.S. Dist. LEXIS 10772, at *8-9 (N.D. Cal. Feb. 2, 2009) (declining to exercise supplemental jurisdiction because "the claims raise some complex issues of state law, such as whether there is a private right of action for burglary under the California Penal Code, or for 'conspiracy to destroy private property'").

Though Mulvania concedes that whether a private right of action exists is a novel issue, she argues that the Court should exercise supplemental jurisdiction for judicial economy reasons. While Mulvania also brings Section 1983 federal claims related to her allegedly inappropriate strip search (suggesting some overlap of evidence), the Court is not persuaded that exercising supplemental jurisdiction is prudent in light of the novel and likely complex state law issue. *See Insolia v. Philip Morris Inc.*, 216 F.3d 596, 607 (7th Cir. 2000) ("Federal courts are loathe to fiddle around with state law."). The Court agrees that it should be especially careful when asked to imply a private right of action under a state statute. *See Bommersbach v. Ruiz*, 461 F. Supp.

2d 743, 756 n.3 (S.D. Ill. 2006).  Moreover, like this case, both *Ohata* and *Wade* involved Section 1983 federal claims premised in whole or in part on allegedly inappropriate strip searches.  So although judicial economy could have benefited in both *Ohata* and *Wade* by exercising jurisdiction over the Section 103-1 claim, both courts declined.

On balance, the Court declines, pursuant to 28 U.S.C. § 1367(c)(1), to exercise supplemental jurisdiction over Count VI.

## CONCLUSION

For the reasons stated herein, Defendants' motion to dismiss, ECF No. 68, is GRANTED.  Count VI of Plaintiffs' Third Amended Complaint is hereby DISMISSED without prejudice should Plaintiff Mulvania choose to bring the claim in state court.

Entered this 27th day of September, 2013.

s/ Sara Darrow  
SARA DARROW  
UNITED STATES DISTRICT JUDGE
